UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,

                Plaintiff,

ANTHONY RICCARDO,

                Plaintiff-in-Intervention,

        -against-                                    16-cv-4291 (LAK)

NEW YORK CITY DEPARTMENT OF EDUCATION,

                Defendant.
------------------------------------------------------------x
ANTHONY RICCARDO,

                Plaintiff,

        -against-                                    16-cv-4891 (LAK)

NEW YORK CITY DEPARTMENT OF EDUCATION,
et al.,

                Defendants.
------------------------------------------------------------x

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

        Defendants in 16-cv-4891 move to dismiss the complaint in that action.[1] In a report and recommendation filed December 2, 2016 [16-cv-4891 DI 36] (the "R&R"), Magistrate Judge James

---

[1] The order consolidating these and other cases for discovery purposes [16-cv-4291 DI 30] provides that that case is the lead case for docketing purposes and that all papers in any of the consolidated cases shall bear that docket number in addition to the docket number or numbers of the individual cases in respect of which they are filed. The motion to dismiss now before the Court was filed only in 16-cv-4891.

2

C. Francis IV recommended that the motion be granted to the extent that plaintiff Riccardo's retaliation claim under 42 U.S.C. § 1983 based on conduct that occurred prior to June 23, 2013 be granted and that the motion be denied in all other respects. Defendants object insofar as the R&R recommended against granting the motion to dismiss the claims against the Department of Education ("DOE") and defendant Mendez (1) as barred by the one year statute of limitations contained in N.Y. Educ. L. § 3813(2-b), and (2) under the New York State and New York City Human Rights Laws based on plaintiff's failure to file a notice of claim as required by N.Y. Educ. L. § 3813(1).

The Court has considered the first of these objections and concluded that it is without merit, substantially for the reasons set forth by Magistrate Judge Francis at R&R 13-18.

The second objection has more substance. The magistrate judge declined to dismiss on the basis of the conceded failure to file a notice of claim on the ground that some cases have excused such failures in limited circumstances where an EEOC charge put the school district on notice and was duly and timely served on its governing board. As it is not possible to determine on the face of the complaint "whether those circumstances are present in this case," he recommended against dismissal.

The difficulty with that argument is that Education Law Section 3813(1) explicitly forecloses prosecution or maintenance of any action against a school district or officer thereof unless the complaint affirmatively alleges facts establishing timeliness as well as the board's failure to adjust or pay the claim in question. This is a familiar feature of New York law not only under the Education Law, but under the General Municipal Law as well. Accordingly, the onus of alleging facts sufficient to establish the timely and due service of a notice of claim or, perhaps, its substantial equivalent rests with the claimant, not the defendant school board or officer. Defendants' second objection therefore is sustained.

For the foregoing reasons, defendants' motion to dismiss the complaint in 16-cv-4891 [DI 21] is granted to the extent that plaintiff Riccardo's (1) retaliation claim under 42 U.S.C. § 1983 based on conduct that occurred prior to June 23, 2013 and his New York State and New York City Human Rights Law claims are dismissed. It is denied in all other respects. This order is without prejudice to a motion by Riccardo, filed no later than January 25, 2017, for leave to amend the complaint in an effort to plead facts sufficient to satisfy the requirements of N.Y. Educ. L. § 3813(1).

SO ORDERED.

Dated:      January 4, 2017

/s/      Lewis A. Kaplan
_____
Lewis A. Kaplan
United States District Judge